IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KRISTINE CHRISMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>CLEVE HATCH, et al.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE WITHOUT PREJUDICE<br><br><br>Case No. 2:07-CV-777 TS |

    This matter is before the Court on a number of Motions. As discussed below, the Court finds that it must abstain from asserting jurisdiction over this action pursuant to the *Younger*[1] abstention doctrine.

    Plaintiff's Complaint alleges that Defendants have removed her children from her home. Plaintiff further alleges that Defendants have not allowed her to visit her children, allegedly in violation of a juvenile court order. The juvenile court proceedings are ongoing. Defendant Hatch's Motion to Dismiss provides information that on July 15, 2008, the juvenile court terminated Plaintiff's parental rights and that Plaintiff appealed that determination to the Utah Court of Appeals on August 4, 2008.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

"The Supreme Court has established three factors to be relevant to our decision as to whether abstention is required under *Younger*."[2]  The Court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicates separately articulated state policies."[3]  "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[4]

The three *Younger* conditions are met here.  First, there is an ongoing judicial proceeding.  As noted by Defendant Hatch, the juvenile court terminated Plaintiff's parental rights.  Plaintiff has appealled the juvenile court's decision to the Utah Court of Appeals.  That appeal is still pending.  *Younger* abstention requires a party to exhaust state appellate remedies before seeking relief in this Court.[5]

Second, the state proceedings provide an adequate forum to hear the claims raised in Plaintiff's Complaint.  In the Utah Court of Appeals, Plaintiff may challenge the juvenile court's decision to terminate her parental rights and may raise the issues raised in her Complaint.

---

[2]*Chapman v. Okla.*, 472 F.3d 747, 749 (10th Cir. 2006).

[3]*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quotation marks and citation omitted).

[4]*Id*.

[5]*See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975).

Finally, the state proceedings involve important state interests. It cannot be disputed that issues involving family relations pose questions of important state interests.[6] "The state . . . obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interests of the child and the family relationship."[7] The Supreme Court has long held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the State and not to the laws of the United States."[8] Thus, all three *Younger* conditions are met here and the Court must abstain from hearing Plaintiff's claims.

It is therefore

ORDERED that the above-entitled case is DISMISSED WITHOUT PREJUDICE. It is further

ORDERED that all pending motions (Docket Nos. 10, 12, 13, and 14) are DENIED AS MOOT. The Clerk of the Court is directed to close this case forthwith.

DATED   September 9, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] *Moore v. Sims*, 442 U.S. 415, 435, (1979) (stating that "[f]amily relations are a traditional area of state concern.").

[7] *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996).

[8] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).